IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUNDRA R PETERSON,

    Petitioner,

v.                                    CASE NO. 4:05-cv-00474-MP-WCS

JAMES CROSBY,
JAMES MCDONOUGH,

    Respondents.

_____/

# **O R D E R**

This matter is before the Court on Doc. 13, Report and Recommendation of the Magistrate Judge, recommending that the § 2254 petition be denied. The Petitioner, through counsel, filed objections. Doc. 15. For the reasons which follow, the Court adopts the Report and Recommendation and denies the petition.

Petitioner was convicted of robbery and trespass in an occupied structure in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 1999-CF-227A. In short, Petitioner approached an individual who was using a pay phone at a grocery store and asked him for a dollar. The individual also had $270 in his sweatshirt front pocket, to pay his insurance bill. The petitioner hit the individual in the mouth, grabbed the money and ran. He later jumped the fence to a daycare center and locked himself in the bathroom. He later told police several different stories, beginning with a claim that someone was trying to kill him, then claiming that the individual was trying to take money from Petitioner, who owed it to him. He later contradicted that story by apologizing to the individual and saying, "I only asked you for a dollar." By the time of trial, the story was that the altercation

was a drug deal gone bad and not robbery.  Then, by the time of the state 3.850 hearing, Petitioner admitted to taking the money without permission, but argued a combination of voluntary intoxication, duress and necessity:

> Petitioner said he went to the grocery store because he could perhaps get drugs or money given to him there. Id., p. 29. He said he saw Rollins using the telephone and asked for a dollar because he was hungry. Id. Rollins told him no. Id., p. 30. Petitioner said he had been buying drugs from Rollins for two months. Id. He said he had seen money in Rollins's top pocket, and when Rollins said no, "anger arose in me and fear." Id. He said his mind went "out of control like a lot of different ways." Id. He said he pondered whether to take the money, and then he pulled Rollins's shorts down, and as Rollins bent to pull them back up, he grabbed the money from Rollins's pocket. Id. He said Rollins demanded his money back. Id., p. 31. He denied hitting Rollins before taking the money. Id., p. 32. Rollins then fought with Petitioner, trying to get the money back. Id. Williams came up, left briefly, came back with a cane, but could not hit Petitioner because he would hit his son. Id., pp. 32-33. Petitioner said he broke free after hitting Rollins, and Rollins said he would kill him. Id., p. 33. Petitioner said he had been buying drugs from Rollins for a while, and Rollins had a reputation for violence. Id., p. 36. When Rollins went to his car, Petitioner "took off running." Id., p. 37. He said he thought he was running for his life. Id. Petitioner said he hid behind a white house, and could see Rollins in his car, circling the block. Id. He said he saw the daycare center, with children and adults, and he reasoned that Rollins would not kill him in front of witnesses, so he ran to the daycare center and "asked them to call a ride." Id., p. 38.

After conviction and appeal, the state court held a thorough 3.850 hearing, and denied relief on all claims.  Petitioner now brings the instant petition with eight grounds of relief.

First, the Court agrees that because Petitioner failed to tell his counsel that he was allegedly intoxicated at the time of the offense, his counsel was not ineffective for failing to push that argument during the trial.  Moreover, the argument would likely not have prevailed, since Petitioner admitted that he intentionally decided to take the money, and evidence showed that shortly after the taking, Petitioner was able to concoct various exculpatory stories.

Second, the Court agrees that the state court properly rejected the argument that counsel

was ineffective for failing to call certain fact witnesses. The state court was correct in noting that petitioner's own admissions, to police at the time, negated the theory of the case these witnesses allegedly would have supported. Third, counsel's decision to forego a request for lesser included offense of battery was a reasonable strategy, given the evidence and the possible sentence he would face on even the lesser charge. Fourth, the state court was not unreasonable in rejecting the utility of asking for an jury instruction on the defense of necessity to the charge of trespassing at the daycare center. As the petitioner admitted in the 3.850 hearing, it was clear that petitioner had placed himself in the dangerous situation by taking the money. Thus, under Florida law, the instruction on necessity was not proper. Fifth, petitioner testified in open court that he knew about, and was waiving, his right to testify. Thus, he cannot now argue that his attorney was ineffective for failing to tell him about his right to testify. Sixth, the trial court was not unreasonable in concluding that it would not affect the outcome of the trial to interview witnesses who would bolster a voluntary intoxication defense. As discussed above, that theory was unlikely to prevail. Likewise, a self-defense instruction was doomed to fail, based on defendant's own testimony negating that view of the case. Finally, the trial court was not unreasonable in concluding that the prosecutor's striking of an African-American juror was based on his failure to reveal a prior conviction until late in voir dire and his statement that he felt

unfairly treated in that case.  Thus, Petitioner's <u>Batson</u> claim is without merit.  Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. This action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this  *9th*   day of October, 2007

        *s/Maurice M. Paul*
    Maurice M. Paul, Senior District Judge